The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff-employee and the defendant-employer.
3. Continental Casualty Insurance Company is the carrier on the risk.
4. The plaintiff alleges, and defendants deny, that he suffered an injury by accident arising out of and in the course of his employment on or about January 19, 1999.
 ***********
Based on the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the deputy commissioner's hearing, plaintiff-employee was a 22-year-old man.
2. At all times relevant to this matter, plaintiff-employee worked as an auto mechanic for defendant-employer.
3. At the time of his compensable injury, plaintiff's average weekly wage was $440.16, which yielded a compensation rate of $293.46. Said amount was calculated from a Form 22 Wage Chart.
4. Prior to his specific traumatic incident of January 19, 1999, plaintiff-employee had not experienced problems with his back. Although plaintiff-employee did suffer from diabetes, it did not prevent him from working before the accident.
5. On or about January 19, 1999, plaintiff felt his lower back pop as he bent over to work on a Lumina mini-van engine. Since his back pain was not severe at first, plaintiff did not believe that he had seriously injured his back at that time. Following this incident of January 19, 1999, plaintiff did not miss time from work, but continued to work as a mechanic with defendant-employer. However, the pain in his back did not resolve and eventually became worse.
6. On April 20, 1999, plaintiff-employee reported to Dr. Larsen that his back began hurting at work a couple of months earlier, and had gradually worsened into pain down his left leg and into his left foot. After a CT scan showed a right L4-5 disk protrusion with left L5 nerve compression, plaintiff-employee was referred to Dr. Eric Laxer, orthopedic surgeon. Dr. Laxer then prescribed conservative treatment and lumbar epidural injections.
7. Dr. Laxer opined, and the Full Commission finds, that plaintiff suffered a small herniated disk rupture a L4-5 with nerve root compression, which was more likely than not causally related to the incident of January 19, 1999, when plaintiff bent over while working on a Lumina engine. Dr. Laxer also opined, and the Full Commission finds, that plaintiff's leg symptoms were casually related to his L4-5 disk injury and not from his diabetes.
8. Plaintiff was disabled from his compensable injury of January 19, 1999 from April 26, 1999 until June 14, 1999, and is entitled to temporary total disability benefits for that period.
9. After defendant-carrier denied plaintiff-employee's workers' compensation case, plaintiff-employee had to stop treating with Dr. Laxer. Dr. Laxer will need to re-examine plaintiff-employee in order to provide an opinion concerning a permanent partial disability rating for plaintiff-employee's compensable back injury.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On January 19, 1999, plaintiff sustained a compensable back injury by specific traumatic incident in the course and scope of his employment with defendant-employer when he felt a sudden pop in his lower back as he bent over while working on a Lumina engine. N.C.G.S. § 97-2(6).
2. As a result of plaintiff-employee's compensable injury, plaintiff-employee is entitled to temporary total disability at a rate of $293.46 per week beginning April 26, 1999 and continuing until June 14, 1999. N.C.G.S. § 97-29.
3. Plaintiff-employee is also entitled to have defendants pay for all medical expenses incurred or to be incurred, for so long that such examinations, evaluations and treatment may reasonably be required to effect a cure, provide relief or lessen his disability. N.C.G.S. §97-2(19), N.C.G.S. § 97-25.
4. Plaintiff-employee is also entitled to have Dr. Laxer re-examine plaintiff-employee to determine what, if any, permanent partial disability rating applies for the injury of January 19, 1999. The Commission reserves ruling on what, if any, permanent partial disability plaintiff-employee is entitled to recover of defendants. N.C.G.S. §97-2(19), N.C.G.S. § 97-25. Should the parties disagree as to the appropriate disability rating, or other further benefits, to which the plaintiff may be entitled, either party may request a hearing on this (these) issue(s).
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to attorney's fee hereinafter provided, defendants shall pay to plaintiff compensation benefits at the rate of $293.46 per week for the period from April 26, 1999 through June 14, 1999. This compensation has now accrued and shall be paid to plaintiff in a lump sum, subject to the attorney's fees hereinafter provided.
2. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff-employee as a result of his injuries sustained January 19, 1999, for so long that such examinations, evaluations and treatment may reasonably be required to effect a cure, provide relief or tends to lessen the period of disability, subject to the limitations in N.C.G.S. § 97-25.1.
3. As plaintiff-employee has not yet been examined by Dr. Laxer regarding permanent partial disability from this injury, this Opinion and Award does not address this issue. Either party may request a hearing on this issue if the parties are unable to resolve this issue.
4. A reasonable attorney's fee of 25% of the compensation due plaintiff-employee is approved for plaintiff's counsel. Twenty-five percent of the compensation due plaintiff-employee shall be deducted from that sum and paid directly to plaintiff's counsel in a lump sum.
5. Defendants shall pay the costs, including the expert witness fees in the amount of $375.00 to Dr. Erik Laxer.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER